# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Scott Paul Viney | § | Case No. 12-36559 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

       Funds were disbursed in the following amounts:

       Payments made under an interim disbursement
       Administrative expenses
       Bank service fees
       Other payments to creditors
       Non-estate funds paid to 3rd Parties
       Exemptions paid to the debtor
       Other payments to the debtor

       Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ _____ as interim compensation and now requests a sum of $ _____, for a total compensation of $ _____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_, and now requests reimbursement for expenses of $ \_\_\_\_, for total expenses of $ \_\_\_\_ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-36559 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Scott Paul Viney | | | | Date Filed (f) or Converted (c): | 09/14/2012 (f) |
| | | | | | 341(a) Meeting Date: | 10/15/2012 |
| For Period Ending: | 07/02/2013 | | | | Claims Bar Date: | 02/20/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Personal Residence 75 E Rickard Dr Oswego, Il 60543 | 107,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash | 50.00 | 0.00 | | 0.00 | FA |
| 3. Business Checking Account No Xx03-75 Earthmover Credit Union | 0.00 | 0.00 | | 0.00 | FA |
| 4. Business Savings Account No Xx03-01 Earthmover Credit Union | 0.00 | 0.00 | | 0.00 | FA |
| 5. Joint Checking Account No Xx04-75 Earthmover Credit Union 21 | 0.00 | 0.00 | | 0.00 | FA |
| 6. Joint Savings Account No Xx04-01 Earthmover Credit Union 219 | 0.00 | 0.00 | | 0.00 | FA |
| 7. Checking Account Allied First Bank 3201 Orchard Road Oswego, | 642.50 | 0.00 | | 0.00 | FA |
| 8. Business Checking Account Allied First Bank 3201 Orchard Rd | 1,475.00 | 0.00 | | 0.00 | FA |
| 9. Miscellaneous Furniture And Furnishings | 500.00 | 0.00 | | 0.00 | FA |
| 10. Miscellaneous Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 11. Account Due From Customer - Payment Doubtful | 7,999.00 | 6,666.50 | | 0.00 | FA |
| 12. 2008 Nissan Titan Pickup Truck - 69800 Miles | 12,300.00 | 0.00 | | 0.00 | FA |
| 13. Old Computer And Printer/Fax | 50.00 | 50.00 | | 0.00 | FA |
| 14. Tools Of The Trade | 500.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values) $131,016.50 $6,716.50 $0.00 $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

013013--Settled outstanding accounts receivable with payee.

RE PROP # 11 -- Settled account with Customer for $4500.
RE PROP # 13 -- Inconsequential value/benefit to estate

Initial Projected Date of Final Report (TFR): 11/19/2014    Current Projected Date of Final Report (TFR): 11/19/2014

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 12-36559
Case Name: Scott Paul Viney

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: Congressional Bank
Account Number/CD#: XXXXXX9132
Checking Account

Exhibit B

Taxpayer ID No: XX-XXX9646
For Period Ending: 07/02/2013

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/19/12 | | Greenstone Enterprises, Inc.<br>103 Kensington Place<br>Saint Charles, Illinois 60175 | Accounts Receiveable | 1221-000 | $2,000.00 | | $2,000.00 |
| 12/14/12 | | Greenstone Enterprises Inc.<br>103 Kensington Place<br>St. Charles, Illinois 60175 | Settlement funds | 1221-000 | $2,500.00 | | $4,500.00 |
| 02/12/13 | | Transfer to Acct # xxxxxx8920 | Transfer of Funds | 9999-000 | | $4,500.00 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $4,500.00 | $4,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $4,500.00 |
| Subtotal | $4,500.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $4,500.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:    $4,500.00    $4,500.00

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 12-36559 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Scott Paul Viney | Bank Name: The Bank of New York Mellon |
| | Account Number/CD#: XXXXXX8920 |
| | Checking |
| Taxpayer ID No: XX-XXX9646 | Blanket Bond (per case limit): |
| For Period Ending: 07/02/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx9132 | Transfer of Funds | 9999-000 | $4,500.00 | | $4,500.00 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $3.67 | $4,496.33 |
| 03/11/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Bank and Technology Services Fee Adjustment | 2600-000 | | $6.33 | $4,490.00 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,480.00 |
| 05/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,470.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $4,500.00 | $30.00 |
| Less: Bank Transfers/CD's | $4,500.00 | $0.00 |
| Subtotal | $0.00 | $30.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $30.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | | |
|---|---|---|
| Page Subtotals: | $4,500.00 | $30.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX8920 - Checking | $0.00 | $30.00 | $4,470.00 |
| XXXXXX9132 - Checking Account | $4,500.00 | $0.00 | $0.00 |
|  | $4,500.00 | $30.00 | $4,470.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---:|
| Total Net Deposits: | $4,500.00 |
| Total Gross Receipts: | $4,500.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-36559  
Debtor Name: Scott Paul Viney  
Claims Bar Date: 2/20/2013  

Date: July 3, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,125.00 | $1,125.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $9.20 | $9.20 |
| 1 300 7100 | Advanta Bank Corporation<br>Resurgent Capital Services<br>Po Box 10368<br>Greenville, Sc 29603-0368 | Unsecured | | $0.00 | $6,150.09 | $6,150.09 |
| 2 300 7100 | Main Street Acquisition Corp., Assignee<br>Of Discover Bank<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $8,524.04 | $8,524.04 |
| 3 300 7100 | N. A. Capital One Bank (Usa)<br>Capital One Bank (Usa), N.A.<br>By American Infosource Lp As Agent<br>Po Box 71083<br>Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $6,324.73 | $6,324.73 |
| 4 300 7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $22,157.43 | $22,157.43 |
| 5 300 7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $3,202.09 | $3,202.09 |
| 6 300 7100 | N. A. Citibank<br>Citibank, N.A.<br>701 East 60Th Street North<br>Sioux Falls, Sd 57117 | Unsecured | | $0.00 | $7,696.73 | $7,696.73 |
| | Case Totals | | | $0.00 | $55,189.31 | $55,189.31 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-36559
Case Name: Scott Paul Viney
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                                                 $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance                                                         $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Advanta Bank Corporation | $ | $ | $ |
| 2 | Main Street Acquisition Corp., Assignee | $ | $ | $ |
| 3 | N. A. Capital One Bank (Usa) | $ | $ | $ |
| 4 | Fsb American Express Bank | $ | $ | $ |
| 5 | Fsb American Express Bank | $ | $ | $ |
| 6 | N. A. Citibank | $ | $ | $ |

Total to be paid to timely general unsecured creditors           $_____

Remaining Balance           $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE